IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICHARD MORRIS BENNETT,  Plaintiff,  v.  SOUTHERN CORRECTIONAL MEDICINE; SHERIFF DOYLE WOOTEN; CHIEF DEPUTY FRED COLE; and CAPTAIN DUNLAP, in their official capacities,  Defendants. | CIVIL ACTION NO.: 5:21-cv-73 |

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Finally, I **DENY as moot** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 3.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this suit under § 1983, alleging violations of his constitutional rights while at Coffee County Jail as a pretrial detainee.  Doc. 1.  Plaintiff alleges he was denied adequate medical care, the housing is unsanitary, and the law library is inadequate.  Id. at 3.  Plaintiff makes only a few vague factual allegations in support of his claims.  Plaintiff states he arrived at Coffee County Jail after being shot in the leg.  Id. at 5.  Plaintiff was provided crutches by medical staff at Coffee County Jail, but was still housed on the top tier, requiring him to take stairs every day.  Id. at 5–6.  Additionally, Plaintiff states Defendants Dunlap, Cole, and Wooten oversee the jail and have knowledge of the unsanitary housing conditions and inadequate law library.  Id.  Plaintiff sues Defendants only in their official capacities and seeks only monetary damages as relief.  Id. at 2–3, 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

---

[1]   All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff is suing Defendants only in their official capacities for monetary damages.  Doc. 1 at 2–3, 6.  Defendants in this case are members of the Coffee County Sherriff's Department—Defendants Cole, Wooten, and Dunlap—and a private corporation providing medical services for the prison, Defendant Southern Correctional Medicine.  Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants Cole, Wooten, and Dunlap in their official capacities.  Further, Plaintiff has failed to state a claim against Defendant Southern Correctional Medicine.

**I.     Sherriff's Department Defendants**

States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency

or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . . ."). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants Cole, Wooten, and Dunlap in their official capacities as employees of the Coffee County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants Cole, Wooten, and Dunlap from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants Cole, Wooten, and Dunlap in their official capacities for monetary relief.

Further, even if Plaintiff could sue Defendants in their official capacities, his claim would be due to be dismissed. "It is well established in this circuit that supervisory officials are not

liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff's Complaint does not include any allegations these individuals had personal involvement.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Cole, Wooten, and Dunlap and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to Defendants Cole, Wooten, and Dunlap and the purported constitutional violations. Thus, Plaintiff fails to state a claim against Defendants Cole, Wooten, and Dunlap, even if he could sue

5

them for monetary damages in their official capacities.[2]  See Cambell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009) ("As a supervisory official, Sheriff Johnson is only liable under § 1983 for the unconstitutional acts of his subordinates if he personally participated in the allegedly unconstitutional conduct, or his actions were causally connected to the alleged constitutional deprivation.").

Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.  As Plaintiff only brings claims against these Defendants in their official capacities seeking monetary relief, Defendants Cole, Wooten, and Dunlap should be dismissed.

## II.    Defendant Southern Correctional Medicine

Plaintiff fails to state a claim against Defendant Southern Correctional Medicine.  To proceed against a municipality, including a private medical services provider under contract with a municipality, a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation.[3]  Moody v. City of Delray Beach, 609 F. App'x 966, 967 (11th Cir. 2015) (citing McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)); see also Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding § 1983 applies to municipalities but liability arises

---

[2]    Were that not enough, Plaintiff's Complaint is nearly devoid of any facts related to Defendants' conduct.  Plaintiff states upon his arrival at the facility, he informed nursing staff he was recovering from a gunshot wound.  Doc. 1 at 5.  He was given crutches, but was housed on a top level, requiring Plaintiff to climb stairs.  Plaintiff additionally states he has experienced "unsanitary housing" and an "inadequate law library," but he fails to describe either of these circumstances with any details.  Ultimately, the few vague and conclusory factual allegations Plaintiff does make fall woefully short of asserting any § 1983 claim against any of the named Defendants.

[3]    "[W]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983."  Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)) (some alterations in original).

only when a "municipal policy of some nature cause[s] a constitutional tort"). Plaintiff's allegations are limited to his treatment, or lack thereof, for his gunshot wound to his leg and housing circumstances. Doc. 1 at 5–6. Plaintiff's allegations relate to his own individual experience at Coffee County Jail and do not describe any unconstitutional policy or a history of widespread abuse, as is required to state a claim against Defendant Southern Correctional Medicine. See Grider v. Cook, 590 F. App'x 876, 882 (11th Cir. 2014) (holding the plaintiff failed to plead a plausible claim against municipal defendants because his "allegations involved only . . . himself and not a widespread practice or custom"). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Southern Correctional Medicine.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt,

7

203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **DENY as moot** Plaintiff's Motion to Proceed *in Forma Pauperis*. Doc. 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA